UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EDUVINA VASQUEZ MANZANO, § § Petitioner, § § VS. § CIVIL ACTION NO. 4:25-CV-05178 § RANDALL TATE, *et al.*, § § Respondents. § | |

EDUVINA VASQUEZ MANZANO, §
　　　　　　　　　　　　　　　§
　　　Petitioner,　　　　　　　§
　　　　　　　　　　　　　　　§
VS.　　　　　　　　　　　　　§　CIVIL ACTION NO. 4:25-CV-05178
　　　　　　　　　　　　　　　§
RANDALL TATE, *et al.*,　　　　§
　　　　　　　　　　　　　　　§
　　　Respondents.　　　　　　§

## **ORDER**

Before the Court are Petitioner Eduvina Vasquez Manzano's Petition for Writ of Habeas Corpus (Doc. #1), Respondents' Response and Motion to Dismiss and, in the Alternative, Motion for Summary Judgment (Doc. #10), and Petitioner's Reply (Doc. #12). Having considered the parties' arguments and the applicable legal authority, the Court denies the Motion for Summary Judgment and grants the Petition for Writ of Habeas Corpus.

**I.　　Background**

Petitioner Eduvina Vasquez Manzano ("Petitioner"), a citizen of Mexico, entered the United States without inspection on May 25, 2007. Doc. #14, Ex. 1 at 7; Doc. #15 at 1. She has resided continuously in the United States since that date. Doc. #14, Ex. 1 at 6; Doc. #15 at 1. Petitioner claims she has "substantial family ties" to this country. Doc. #15 at 2. Her mother, for instance, is a permanent resident of the United States. Doc. #14, Ex. 1 at 9. She also has two children who lawfully reside here. *Id.* Petitioner has no criminal history. Doc. #1, Ex. 1 at 4.

On October 1, 2025, Petitioner was detained by immigration officials. *Id.* at 2. That same day, Immigration and Customs Enforcement ("ICE") served Petitioner with a Notice to Appear

before an Immigration Judge. *Id.* at 7. The Notice to Appear designated Petitioner as "an alien present in the United States who has not been admitted or paroled," rather than "an arriving alien." *Id.* On October 21, 2025, the Immigration Judge denied Petitioner's request for a bond redetermination hearing, concluding he lacked jurisdiction pursuant to *Matter of Yajure Hurtado*. *Id.* at 14. Petitioner remains in custody at the Montgomery Processing Center in Conroe, Texas. *Id.* at 12; Doc. #14, Ex. 1 at 6.

On October 30, 2025, Petitioner filed the Petition for Writ of Habeas Corpus before this Court. Doc. #1. On November 24, 2025, Respondents moved for summary judgment. Doc. #10. The Court requested additional briefing—which the parties provided—to confirm the date Petitioner entered the United States and the length of time she has resided here. Doc. #13,; Doc. #14; Doc. #15.

## II. Legal Standards

### a. Federal Rule of Civil Procedure 56

Summary judgment is proper where there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A genuine dispute as to a material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The moving party bears the initial burden on demonstrating the absence of a genuine issue of material fact." *Carnes Funeral Home, Inc. v. Allstate Ins. Co.*, 509 F. Supp. 3d 908, 915 (S.D. Tex. 2020) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If that burden is met, "the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial." *Id.* (citing Fed R. Civ. P. 56(e)). Courts must "construe[] 'all facts and inferences in the light most favorable to the

nonmoving party.' Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir.2010)).

### b. Petition for Writ of Habeas Corpus

To be entitled to the issuance of a writ of habeas corpus, a habeas petitioner must show they are "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)). The petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)); also citing *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976)). "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'" *Id.* (quoting 28 U.S.C. § 2243).

### III. Analysis

Respondents move for summary judgment, arguing that (1) Petitioner failed to exhaust her administrative remedies and (2) Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Doc. #10 at 3–9. The Court has considered and rejected these arguments in recent cases presenting the same legal issues. *See Lopez-Tipaz v. Noem, et al.*, 4:25-cv-4905 (S.D. Tex. Nov. 25, 2025); *Martinez Mendez v. Noem, et al.*, 4:25-cv-4981 (S.D. Tex. Nov. 25, 2025). In these cases, the Court concluded the petitioners were unlawfully detained and entitled to habeas relief. *See Lopez-Tipaz*, 4:25-cv-4905, at 6–7; *Martinez Mendez*, 4:25-cv-4981, at 7. The Court's reasoning there applies with equal force here.

Respondents first argue that Petitioner failed to exhaust her administrative remedies by not

appealing the denial of her bond request. Doc. #10 at 3–4. The Court finds that exhaustion does not bar the Court's review because any such appeal would have been futile. *See Shi v. Lyons*, No. 1:25-CV-274, 2025 WL 3637288, at *4 n.6 (S.D. Tex. Dec. 12, 2025) ("[I]n light of *Matter of Yajure Hurtado*, such an appeal would have been patently futile."). Respondents next argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Doc. #10 at 5–9. The Court finds that Petitioner is not governed by § 1225(b)(2), which applies to noncitizens seeking admission at a port of entry or near the border. *See Gutierrez v. Thompson*, No. 4:25-4695, 2025 WL 3187521, at *5 (S.D. Tex. Nov. 14, 2025). Rather, the Court finds that Petitioner falls within the ambit of § 1226(a) because she has been continuously present in the United States for over eighteen years. *See Lopez-Tipaz*, 4:25-cv-4905, at 6 ("[T]he Court finds that the weight of authority supports applying 8 U.S.C. § 1226(a) to individuals like [p]etitioner who have long been present in the United States."); *see also Martinez Mendez*, 4:25-cv-4981, at 7 ("[T]he Court concludes that [p]etitioner is detained under 8 U.S.C. § 1226(a) and that his continued detention without a bond determination renders his detention unlawful."). Therefore, consistent with its prior decisions, the Court determines the appropriate remedy is immediate release. *See Lopez-Tipaz*, 4:25-cv-4905, at 7; *Martinez Mendez*, 4:25-cv-4981, at 7.

For the foregoing reasons, Respondents' Motion for Summary Judgment (Doc. #10) is DENIED. Furthermore, the Petition for Writ of Habeas Corpus (Doc. #1) is GRANTED.

It is hereby ORDERED that:

1. Respondents are directed to release Petitioner from custody, under appropriate conditions of release, within forty-eight (48) hours of entry of this Order. Petitioner shall be released in a public place within the Southern District of Texas, and her counsel shall be given notice of the time and place of her release;
2. Petitioner shall comply with all reporting requirements set by ICE while her removal

proceedings remain pending;

3. This Order may be served by facsimile, email, or any other means reasonably calculated to provide immediate notice.

It is so ORDERED.

___JAN 2 3 2026___  _____
Date                              The Honorable Alfred H. Bennett
                                      United States District Judge